IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

ALPHONSO TONEY, JR.,                )
                                    )
            Plaintiff,              )
                                    )
      v.                            )    No. 05-4369-CV-C-SOW
                                    )
KITTY ZEUGIN, Chief Reimbursement Officer,  )
                                    )
            Defendant.              )

## REPORT AND RECOMMENDATION

Plaintiff Alphonso Toney, Jr., formerly confined at Fulton State Hospital, a Missouri mental institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

In support of his claims, plaintiff alleges that defendant Zeugin, the Chief Reimbursement Officer for Fulton State Hospital (FSH), illegally took his monthly Veterans Administration (VA) benefits in the amount of $2,237.00 to pay for his cost of care and maintenance at FSH from January through December 2005.

On February 21, 2007, the parties' motions for summary judgment were denied, without prejudice, subject to refiling with additional necessary evidence. In denying the motions, this court noted that neither plaintiff nor defendant had provided necessary evidence as to the manner in which plaintiff's VA benefits were applied to cover FSH's cost of plaintiff's institutional care. The court noted that in order to make a determination whether reimbursement for FSH's provision of maintenance to plaintiff, an incompetent veteran, was in violation of the provisions of 28 U.S.C.A. § 3101 or § 407, evidence is required as to whether plaintiff has a guardian or other fiduciary who receives plaintiff's benefits on his behalf and authorizes payment to FSH, or alternatively, whether plaintiff is receiving the benefits and the state thereafter is seizing the money to defray the costs of his confinement at FSH.

In response to the denial of the first motion to dismiss, without prejudice, defendant Zeugin filed a second motion for summary judgment on June14, 2007.  Defendant states that on November 18, 2004, FSH entered into a Fiduciary Agreement with the VA, which named FSH as the Institutional Payee.  Defendant states that although VA benefits are generally not attachable, the federal statutes do not restrict VA benefits payments made to a fiduciary.  Plaintiff has responded in opposition to defendant's second motion for summary judgment, stating that defendant Zeugin cannot produce any permission or agreement signed by him authorizing FSH to take his monthly VA entitlements.  Plaintiff also states defendant's actions clearly violated the original order committing him to a state mental hospital.

## I.  Summary Judgment Standard

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact."  City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial.  Celotex, 477 U.S. at 323.  Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact."  Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985).  In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts.  Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment.  Fed. R. Civ. P. 56(c).

## II. Factual Background

Plaintiff is a veteran who was honorably discharged in 1968. On July 6, 1970, pursuant to an order of the Circuit Court of the City of St. Louis, Missouri, plaintiff was acquitted of the criminal charges against him based on the ground of mental disease or defect excluding responsibility, and was ordered committed to the custody of the Director of Division of Mental Disease, to be kept for care and treatment in a state mental hospital and not released therefrom except on order of the court. Despite the information previously provided to the court, plaintiff has not been committed during the entirety of the last 37 years; rather, plaintiff was hospitalized in FSH from 1970-71; was out of custody from 1971-87; was imprisoned with the Missouri Department of Corrections from 1987-88; released from prison during 1988-1990; reincarcerated in prison from 1990-2004; and was paroled in 2004 to FSH. Plaintiff's commitment to FSH in 2004 appears to be based on the commitment order from 1970. According to plaintiff's deposition, he was hospitalized in FSH upon his parole, based upon the finding that his previous release from FSH constituted a conditional release. On December 23, 2005, plaintiff notified this court that he is now residing at the St. Louis Psychiatric Rehabilitation Center.

At issue in this case is defendant Zeugin's taking plaintiff's monthly VA checks in the amount of $2,237.00 to pay for plaintiff's cost of care and maintenance at FSH. Plaintiff's deposition provides that the dates in question are January though December 2005. Plaintiff's deposition specifically provides no allegations with regard to the years of 2006 or 2007.

Defendant Zeugin was the Chief Reimbursement Officer at FSH during 2005. A September 30, 2005 account statement provided to plaintiff by FSH indicates plaintiff owed $99,847.99 to FSH. Plaintiff states defendant Zeugin attached his VA checks to pay FSH for the cost of his care and maintenance, in violation of 38 U.S.C. § 5301(a).

Title 38 U.S.C. § 5301(a) provides:

> Payment of benefits due or to become due under any law administered by the Secretary shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from claim of creditors and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary. The preceding sentence shall not apply to claims of the United States arising under such laws nor shall the exemption therein contained as to taxation extend to any property purchase in part

3

or wholly out of such payments. The provision of this section shall not be construed to prohibit the assignment of insurance otherwise authorized under Chapter 19 of this title of servicemen's indemnity.

The current Director of Facility Reimbursements at FSH, Susan Bowman, states she is familiar with the accounts of patients at FSH, including plaintiff's. Bowman states that upon plaintiff's hospitalization in 2004 at FSH, the hospital was responsible for notifying the VA. Approximately one month after plaintiff was hospitalized as a patient at FSH, a representative from the VA, Jack Ritter, a Field Examiner, came to review plaintiff's case. Pursuant to the review, FSH was determined to be the appropriate payee of plaintiff's VA benefits, and the VA entered into a fiduciary agreement with FSH naming FSH as the institutional payee of plaintiff's VA benefits on November 18, 2004.

### III. Discussion

The express language of section 5301(a) provides that VA benefits are not attachable. See Higgins v. Beyer, 293 F.3d 683 (3d Cir. 2002); Nelson v. Heiss, 271 F.3d 891 (9th Cir. 2001). The Supreme Court, in Bennett v. Arkansas, 485 U.S. 395 (1988), held, under a similar federal statute dealing with Social Security benefits, that state law allowing seizure of the prisoner's Social Security benefits to help defray the cost of incarceration was in violation of the Supremacy Clause. The Ninth and Third Circuits, following Bennett, have held that although not specifically addressed in Bennett, any attachment of VA benefits also violates the Supremacy Clause. See Higgins, 293 F.3d at 683 (state statute providing for collection of crime victim's assessment from inmate account was void to extent it allowed prison officials to deduct funds derived from inmate's VA disability benefits); Nelson, 271 F.3d at 891 (state prison officials precluded from placing holds on veteran inmate's account in attempt to recoup funds advanced for veteran's medical needs when account contained VA benefits). Thus, although not specifically addressed by the Supreme Court or the Eighth Circuit, federal statutory and case law provides that VA disability benefits are not attachable, even by a state institution seeking to recoup expenditures made on behalf of the veteran.

In the instant case, based on federal statute and case law, as set forth above, plaintiff's VA benefits clearly cannot be attached, levied or seized by the State of Missouri. However, the undisputed facts provide FSH did not attach or otherwise attempt to levy or seize plaintiff's VA

4

benefits; rather, FSH was designated by the VA as the institutional payee of plaintiff's VA benefits. Designation of FSH as institutional payee was accomplished upon recommendation of the VA, and by means of the Fiduciary Agreement signed by the VA and FSH.

Federal laws do not restrict VA benefits made to a fiduciary. The Code of Federal Regulations specifically provides that a fiduciary can receive benefits for the use and benefit of the veteran beneficiary. 38 U.S.C.A. § 5502. A fiduciary is defined as a person who is a guardian, curator, conservator, committee, or any other person having been appointed in a representative capacity to receive money under any of the laws administered by the Secretary for the use and benefit of incompetent or other beneficiary. 35 U.S.C.A. § 5506. Similar Social Security benefits statutes provide for payment to representative payees, including for those beneficiaries who are legally incompetent. See 20 C.F.R. § 404.2010. In the instant case, the undisputed evidence shows FSH, pursuant to federal law, was properly designated a representative payee of plaintiff's VA benefits. Based on such designation, plaintiff has come forward with insufficient evidence to support his claims that FSH was improperly receiving his VA benefits.

The remaining issue, therefore, is whether, in its capacity as representative payee, FSH could use the VA checks, in part, to help pay and/or reimburse the cost of plaintiff's care and maintenance at FSH, without violating section 5301(a). Although this court finds no specific Supreme Court or Eighth Circuit case law interpreting section 5301(a) to specifically allow a state mental institution, as representative payee, to apply a veteran's benefits to reimburse itself for the cost of care and maintenance of the veteran, this court finds federal case law from other circuits interpreting the veterans statutes, and case law interpreting similar Social Security statutes to be persuasive on the issue in this case.

The Supreme Court has upheld payment of Social Security benefits to representative payees, even when the representative payee is the state which uses the money to reimburse itself for maintenance costs of the beneficiary. Washington State Dep't of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371 (2003). In Washington State, the Court held that the state's use of Social Security benefits to reimburse itself for some of its initial expenditures on foster care children's behalf from the payments it received in its capacity as representative payee for foster care children did not violate the provisions of the Social Security

5

Act's prohibition on attachment. A similar case, on which certiorari was denied in 2003, Mason v. Davis, 280 F.3d 788 (7th Cir. 2002), held that Indiana State Mental Hospital, which served as representative payee for Social Security benefits to which institutionalize residents were entitled, did not violate the provisions of the Social Security Act in deducting a portion of benefits to pay for institutional maintenance. The Mason court further held that because the deductions were for the maintenance of the beneficiaries, and the state was the representative payee, voluntary consent of said deductions by the beneficiaries was not required under the restrictions of the Social Security Act. Id.

A Fifth Circuit decision has specifically addressed the use of VA benefits to reimburse the state for provision of maintenance for an incompetent veteran. In Dep't of Health and Rehabilitative Services, State of Florida v. Davis, 616 F.2d 828 (5th Cir. 1980), the court held that the State of Florida's request for reasonable reimbursement for the state's provision of maintenance to an incompetent veteran from his guardian, who received the VA and Social Security benefits on behalf of the veteran, was entirely justified and did not violate the federal statutes barring execution, attachment, levy, or seizure of such benefits.

Based on the above federal case law, and the undisputed facts in this case, plaintiff has insufficient evidence from which a reasonable jury could find that FSH, as institutional payee, violated plaintiff's rights when a portion of his monthly VA benefits were used by FSH to help pay for and/or reimburse the costs of care provided to plaintiff at the state mental hospital on a monthly basis. This is affirmed by the letter received by FSH from VA Field Examiner Jack Ritter on May 21, 2007, specifically recognizing FSH as appointed payee for the VA checks of Alphonso Toney Jr., and acknowledging the proper use of Toney's VA benefits to pay for his stay at FSH. Plaintiff lacks evidence from which a reasonable jury could find that defendant Zeugin, the reimbursement officer for FSH in 2005, violated his federal rights.

Plaintiff's alternative argument that FSH's use of his VA benefits to pay for the cost of his care and maintenance is in violation of the original order of commitment entered in 1970 is not persuasive. Although the form order of commitment entered in 1970 provided that plaintiff's care and maintenance would be taxed as costs against the City of Saint Louis, State of Missouri, this order did not preclude FSH, upon appointment by the VA as institutional payee of plaintiff's

6

VA benefits, to use such monies received to help pay the costs of the care and maintenance of plaintiff while at FSH.

### III. Conclusion

Based on the undisputed facts in this case, this court finds that defendant Zeugin is entitled to judgment as a matter of law. No reasonable jury could find that FSH, designated by the VA as institutional payee of plaintiff's VA benefits, violated plaintiff's constitutional rights when his VA benefits were, in part, used to help pay and/or reimburse the costs associated with plaintiff's care and maintenance at FSH.

IT IS, THEREFORE, RECOMMENDED that defendant's second motion for summary judgment be granted, and plaintiff's claims be dismissed. [30]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 5th day of November, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge